**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE SIERRA HERNANDEZ,<br><br>    Petitioner,<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>    Respondent. | Case No.: 3:26-cv-00831-BTM-VET<br><br>**ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[ECF NO. 1]** |

Jose Sierra Hernandez has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. After reviewing the petition, the Court concludes that it must be dismissed.

"A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to those brought under 28 U.S.C. § 2254." *Lainez Flores v. Warden*, 2026 WL 213516, at *1 (S.D. Cal. Jan. 27, 2026) (citing Rules Governing Section 2254 Cases in the United States District Courts R. 1(b) (2019) [hereinafter Habeas Rules]). Under these screening requirements, a habeas petition must:

    (1) specify all the grounds for relief available to the petitioner;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Habeas Rules 2(c).  A petition from a litigant representing himself is held to "less stringent standards" than a petition drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But pro se litigants still "must follow the same rules of procedure that govern other litigants," such as satisfying the habeas screening requirements.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  If it "plainly appears from the petition" that the requirements were not met, the Court "must dismiss the petition."  Habeas Rules 4.  The dismissal does not bar the petitioner from seeking habeas relief in the future.  *Sanders v. United States*, 373 U.S. 1, 8 (1963) ("The inapplicability of res judicata to habeas . . . is inherent in the very role and function of the writ.").

Here, Sierra Hernandez does not allege facts that support grounds for relief.  His petition states that he was detained on November 27, 2025. (ECF No. 1 ("Pet."), at 2.)  He argues that his detention is "arbitrary and prolonged," violating due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Pet., 2.)  Yet *Zadvydas* held that "the government's detention of a removable alien for up to six months is presumptively reasonable." *Lema v. Immigr. & Naturalization Serv.*, 341 F.3d 853, 856 (9th Cir. 2003) (citing *Zadvydas*, 533 U.S. at 701).  Because Sierra Hernandez's detention has lasted less than six months, his *Zadvydas* claim fails.

Also, Sierra Hernandez does not allege facts regarding his immigration status.  He does not state how long he has resided in the country, whether he is subject to mandatory detention by the Respondents, whether he has received a bond hearing, or whether the Respondents have determined his asylum status. (*See generally* Pet.)  Without this information, the Court cannot determine whether Sierra Hernandez is entitled to habeas relief.

26-cv-831

Finally, a petition for a writ of habeas corpus must be accompanied by either a $5.00 filing fee or an application to proceed in forma pauperis. *See* CivLR 3.2; *see also* Habeas Rules 1(b), 3(a). Sierra Hernandez has not paid the filing fee and has not moved to proceed in forma pauperis.

Because Sierra Hernandez's petition has not met the screening requirements for a habeas petition, his petition is **DISMISSED** without prejudice. The Court grants Sierra Hernandez leave to amend his petition within forty-six (46) days. Sierra Hernandez's amended petition should address the deficiencies discussed in this Order and be accompanied by the filing fee or a motion to proceed in forma pauperis. If Sierra Hernandez fails to amend his petition by **March 31, 2026**, a final judgment of dismissal will be entered.

For Petitioner's convenience, the Clerk of Court shall attach to this Order a blank application to proceed in forma pauperis.

**IT IS SO ORDERED.**

Dated:  February 12, 2026

Honorable Barry Ted Moskowitz
United States District Judge

3

26-cv-831